B. G. CARR AND WIFE, BESSIE SNIPES CARR; C. A. CARR AND WIFE, IRENE GOODSON CARR; HESSIE CARR KEITH AND HUSBAND, RAY KEITH, v. ROY JIMMERSON (SINGLE); HAZEL McATEE (ADULT), AND MILDRED GARDIN, A MINOR, AND ROY W. DAVIS, GUARDIAN AD LITEM OF MILDRED GARDIN.

(Filed 14 October, 1936.)

**1. Actions B g—**

An action to establish the rights of the parties under an ambiguous deed *is held* to come within provisions of the Declaratory Judgment Act. N. C. Code, 628 (b).

**2. Deeds C a—**

In construing a deed, the language and the entire setting must be considered to ascertain the intention of the grantors, and, if possible, effect must be given to every word, and all its provisions harmonized.

**3. Deeds C c—Deed held not to exclude grantor from inheriting as one of the heirs of the grantee.**

Grantee's child by his first wife deeded to him lands inherited from her mother. The granting clause read to the grantee "and his heirs

except as to" the grantor, and *habendum*, to the grantee "and his heirs
except as to" the grantor. *Held:* The grantee took a fee simple, and
the language is too vague and uncertain to exclude the grantor, or those
representing her, from inheriting as one of the heirs of the grantor upon
his death without disposing of the lands.

APPEAL by plaintiffs, petitioners, from *Sink, J.,* at July Term, 1936,
of McDOWELL. Affirmed.

This is an action instituted under the Uniform Declaratory Judgment
Act of North Carolina, seeking proper interpretation, meaning, and
effect of clause in the deed in question. This appeal involves the sole
question of interpreting and construing the following portions of the
deed:.

(1) In the granting clause: "To said Edward Carr, Sr., and his heirs
except as to M. B. Jimmerson," and

(2) In the *habendum:* "To the said Edward Carr, Sr., his heirs,
except as to M. B. Jimmerson and assigns, to their only use and behoof
forever."

Edward Carr married twice and had two sets of children. His first
wife died seized of the lands in question and left two children, M. B.
Jimmerson and E. J. Carr. By his second wife he had four children,
one of whom died without children. Edward Carr purchased the land
of which his first wife died seized from their two children. In the deed
from his daughter, M. B. Jimmerson, appears the provision involved in
this appeal as above stated.

The declaratory judgment is as follows: "This cause coming on for
hearing at the July Term, 1936, of the Superior Court of McDowell
County, N. C., before his Honor, H. Hoyle Sink, Judge presiding, and
being heard, and it appearing to the court that this is a petition for
declaratory judgment under the Uniform Declaratory Judgment Act of
North Carolina, for the construction of a deed from M. B. Jimmerson
and husband, M. Austin Jimmerson, to Edward Carr, Sr., dated the
13th day of October, 1898, and recorded in Book 26, at page 583 of the
deed records of McDowell County, N. C., all as is set forth in the peti-
tion, and the court finding as facts from the record that all persons hav-
ing or claiming to have any interest, which will be affected by the
declaration, have been made parties to this proceeding; that the de-
fendants Roy Jimmerson, Hazel McAtee, and Mildred Gardin, minor,
have been served with summons by publication; that Roy W. Davis has
been appointed guardian *ad litem* of Mildred Gardin, minor defendant,
and summons has been served upon him and he has answered and the
said minor and codefendants are properly in court; that the facts are as
stated in the petition and are admitted by the guardian *ad litem* and
that the defendants Roy Jimmerson and Hazel McAtee have not

answered and the time for answering has expired; that no issues of fact are raised. And after hearing argument of counsel, the court is of the opinion that this is a proper case for a declaratory judgment, and the court being of opinion that the language used in granting the *habendum* clause in the deed from M. B. Jimmerson and husband to Edward Carr, Sr., specifically described in paragraph 8 of the petition, does not manifest a clear meaning and intention to exclude the said M. B. Jimmerson and her heirs at law from the heirs of said Edward Carr, Sr., in so far as the land being conveyed was concerned, and that the title conveyed thereby to Edward Carr, Sr., was a fee simple title, and that upon his death the title acquired by him under said deed passed to and vested in his heirs at law without exception, and that the heirs at law of M. B. Jimmerson inherited the part which their ancestor, M. B. Jimmerson, would have inherited had she survived the said Edward Carr, Sr.: It is therefore considered, ordered, adjudged, and decreed that by proper construction of the language of the said deed from M. B. Jimmerson and husband to Edward Carr, Sr., hereinbefore described, the said Edward Carr, Sr., became vested in fee simple of the title conveyed thereby and that upon his death the title to such of the lands conveyed thereby, as had not been conveyed by him, descended to the heirs at law of Edward Carr under the rules of the statutes of descent without exception. It is further ordered that petitioners shall pay the cost of this action, including an allowance of $10.00 to Roy W. Davis, as guardian *ad litem.*

H. HOYLE SINK, Judge presiding."

The plaintiffs, petitioners, excepted to the judgment as signed, assigned error, and appealed to the Supreme Court.

*Winborne & Proctor for plaintiffs, appellants.*
*No counsel for defendants.*

PER CURIAM. The Uniform Declaratory Judgment Act (N. C. Code, 1935 [Michie], sec. 628[2]), is as follows: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

Section 628 (b) is as follows: "Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of

construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof." *Allison v. Sharp,* 209 N. C., 477.

This action or proceeding is maintainable under the Uniform Declaratory Judgment Act, as above set forth.

It is well settled that the language used in the entire instrument and setting must be considered to ascertain the intention of the makers. If possible, some effect must be given to every word of a deed and all of its provisions harmonized.

The court below held that the language used: "Does not manifest a clear meaning and intention to exclude the said M. B. Jimmerson and her heirs at law from the heirs of said Edward Carr, Sr., in so far as the land being conveyed was concerned and that the title conveyed thereby to Edward Carr, Sr., was a fee simple title." We think this construction of the deed correct. The meaning of the language in the deed in controversy, in the granting clause: "Except as to M. B. Jimmerson" and "except as to M. B. Jimmerson and assigns," in the *habendum* clause, is vague, uncertain, and ambiguous, and we cannot give it the construction contended for by plaintiffs, petitioners.

The judgment of the court below is

Affirmed.